UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHEIK NAIEEM TRICE,

    Petitioner,

v.

DAVID E. ORTIZ,

    Respondent.

Civ. No. 17-7095 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner Sheik Naieem Trice, an inmate incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer, and Petitioner did not file a reply. For the following reasons, the Court will deny the Petition.

### I.     BACKGROUND

    This case arises from Petitioner's incarceration while serving his sentence at FCI Fort Dix. It is difficult to discern Petitioner's view of the events in light of the Petition's rambling and colorful language. The Court discerns that in 2014, Petitioner was incarcerated at FCI Schuylkill, in Pennsylvania, where officials screened him for admission into the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). The BOP administers the RDAP as an intensive treatment program to reduce the risk of relapse for participants. If a prisoner successfully completes the program, the BOP *may*, in its discretion, reduce a prisoner's sentence by up to one year. *See* 18 U.S.C. § 3621(e)(2); *Anderson v. Schultz*, No. 09-4683, 2010 WL 5017352, at *2 (D.N.J. Nov. 23, 2010).

    In March of 2015, Petitioner started the RDAP at FCI Schuylkill and completed a portion of the program in December of 2015. In April of 2016, Petitioner had transferred to FCI Fort Dix.

At FCI Fort Dix, officials housed Petitioner and the other RDAP inmates who had completed the initial portion of the program, in a separate unit. Officials required these inmates to attend community meetings and to abide by the rules and regulations of the RDAP. It appears that Petitioner construed these classes as requiring him to "repeat" RDAP in violation of his "contract" (ECF No. 1, at 7–9) and that the RDAP was subjecting him to some kind of involuntary servitude for the program's amusement. Petitioner declined to stay at the RDAP unit and withdrew from the program. As a result, the BOP did not provide Petitioner with a discretionary sentence reduction. To the extent that Petitioner challenges that decision, he has not, according to Respondent, filed any administrative appeals.

Petitioner then filed the instant Petition but did not specifically request any relief from the Court. Respondent filed an Answer, and Petitioner did not file a reply.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition

2

and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III. DISCUSSION

Under 28 U.S.C. § 2241, the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" but prisoners may only present "requests for relief turning on circumstances of confinement . . . in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, a petitioner may only bring a claim in a § 2241 petition if it "would fall within the 'core of habeas' and *require* sooner release" if a court decided the claim in petitioner's favor. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)(emphasis added).

With those principles in mind, it is not entirely clear what Petitioner seeks from the Court as he does not ask for any specific relief. That said, the Court will construe his Petition as seeking a discretionary sentence reduction under the RDAP. Under that program, after "an inmate completes RDAP, the BOP has *discretion* to reduce what remains of his sentence by as much as one year." *Scott v. FCI Fairton*, 407 F. App'x 612, 615 (3d Cir. 2011) (per curiam) (emphasis added) (citing 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55). Stated differently, even if Petitioner successfully completed the program to perfection, the statute "still affords the Bureau complete discretion to require Petitioner to serve his full sentence." *Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005).

It appears that Petitioner believes he completed enough of the RDAP prior to his transfer to FCI Fort Dix, such that it was unjust to require him to participate any further. Respondent offers

3

evidence that Petitioner was aware of the consequences of an early withdrawal, but nevertheless, Petitioner resigned from the program. (ECF No. 4-4, at 6–13). As a result, officials informed Petitioner that he was no longer eligible for early release. *Id.*

Before addressing the merits of Petitioner's argument, the Court observes that he has failed to exhaust his administrative remedies on this claim. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). According to the BOP's records, Petitioner has not filed any administrative appeals regarding the RDAP and his early release eligibility. Further, Petitioner has not alleged any facts that would permit the Court to find that exhaustion would be futile or that requiring exhaustion would subject Petitioner to irreparable injury. Consequently, the Court will deny the Petition for Petitioner's failure to exhaust his administrative remedies.

Alternatively, the Court also denies the Petition on the merits. To the extent Petitioner contends that the BOP's decision violated his due process rights, Petitioner does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621(e). *See, e.g.*, *Jerome v. Grondolsky*, No. 09-2301, 2010 WL 624874, at *6 (D.N.J. Feb. 18, 2010) (citing *Magnin v. Beeler*, 110 F. Supp. 2d 338, 340 n. 2 (D.N.J. 2000)). Section 3621(e) does not create a liberty interest, because the determination of whether to release a particular inmate is within the discretion of the BOP and does not speak in mandatory terms. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons."); *see Lopez v. Davis,* 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the

authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Douvos v. Quintana,* 382 F. App'x. 119, 122 (3d Cir. 2009).

Nor does the Due Process Clause itself create a liberty interest in early release under § 3621(e) because requiring Petitioner to serve the remainder of his original sentence "is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) (internal quotation marks omitted). Accordingly, the Court will deny Petitioner's due process claim.

Alternatively, Petitioner may be seeking review of the BOP's decision under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). Under the Administrative Procedures Act, a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*.

Pursuant to 18 U.S.C. § 3625, however, "the provisions of . . . [5 U.S.C. § 706], *do not apply* to the making of any determination, decision, or order under this subchapter." (emphasis added). Petitioner challenges the BOP's decision to deny his early release, but such determinations, and the RDAP generally, stem from 18 U.S.C. § 3621, which "falls under the same subchapter . . . as Section 3625." *See, e.g.*, *Perez v. Ortiz*, No. 19-4584, 2019 WL 1277517, at *2 (D.N.J. Mar. 20, 2019). Accordingly, the BOP's determinations in this case are "not subject to judicial review under the Administrative Procedures Act." *Id*.; *see, e.g.*, *Thorndike v. Hollingsworth*, No. 15-2014, 2016 WL 4705443, at *6 (D.N.J. Sept. 8, 2016) ("This Court agrees that a challenge to an individualized determination made by the BOP under § 3621 is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP.").

Even if the decision were reviewable, the Court would not disturb the BOP's decision because Petitioner admits that he withdrew from the program and declined to meet the program's requirements. In turn, it was not an abuse of discretion for the BOP to revoke Petitioner's early release eligibility due to his early withdrawal.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition. An appropriate Order follows.


Dated:  October  18 , 2019            s/Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge